**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GIVAUDAN SA,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>CONAGEN INC.,<br><br>　　　Defendant. | Civil Action No. 1:18-cv-03588-JGK |
| PHYTO TECH CORP. d/b/a BLUE CALIFORNIA, and CONAGEN INC.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>GIVAUDAN SA,<br><br>　　　Defendant. | Civil Action No. 1:18-cv-06172 |

## [PROPOSED] PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) Phyto Tech Corp. d/b/a/ Blue California ("Blue Cal"), Conagen Inc. ("Conagen") (collectively, the "Blue Cal Parties"), and Givaudan SA ("Givaudan"), through their respective counsel, hereby stipulate and agree that discovery in the above-captioned actions are likely to involve the disclosure of certain documents, things and information that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which must be protected in order to preserve legitimate business interests. Accordingly, good cause exists for entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case. The parties therefore further stipulate and agree, subject to approval of the Court, that the terms and conditions of this Protective Order ("Order") shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in these actions, or provided by or obtained from non-parties in these actions, and this Order shall apply regardless of whether such information was produced prior to or after entry of this Order.

24602879 v1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# ___
DATE FILED: _12-3-19_

1. **Scope of Protective Order**: This Protective Order applies to all Discovery Materials (as defined herein) produced by a Producing Party in connection with these actions. In addition, this Protective Order allows for the filing of documents with the Court under seal, subject to any applicable Local Court Rule or CM/ECF procedure, if such documents contain Confidential Information. This Protective Order shall apply regardless of whether such information was produced prior to or after entry of this Protective Order.

2. **Definitions**:

   (a) The term "Confidential Information" means any information, whether oral or in documentary or other tangible form, so designated by any Producing Party that it reasonably and in good faith believes is of the type protectable under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure or is required to be kept Confidential by law or by agreement with a third party or otherwise. Any summary, compilation, notes, memoranda, analysis or copy containing Confidential Information and any electronic image or database containing Confidential Information shall be considered Confidential Information to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.

   Examples of the types of information that may be requested in discovery and designated as "Confidential Information" if produced include, but are not limited to:

   (i) The names, or other information tending to reveal the identities, of a Party's suppliers, present or prospective customers, or distributors or the personal information of a Party's employees;

   (ii) Information relating to pending patent applications;

   (iii) Financial information of a Party, including, but not limited to, identifying the number of products sold, total dollar value of products sold, and profit margins for products, both forecasted and actual;

   (iv) Information constituting product specifications, formulations and/or regarding the manufacture of the Party's products;

   (v) Technical notebooks and technical reports of a Party, including product and manufacturing specifications, schematic diagrams, technical reference manuals, operations manuals, or other similar information;

   (vi) Confidential marketing plans, market research and business strategy, including research regarding competitors;

      (vii)    Information the Producing Party believes is a proprietary trade secret;

      (viii)   All information relating to a Party's research and development efforts;

      (ix)     Any information which is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence; and

      (x)      Confidential information of a non-party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence and that the Producing Party is permitted to produce in these actions, subject to Paragraph 23 herein.

(b)    The term "disclose" means to show, give, make available or communicate, in any fashion, to any Person (as defined herein), any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any Party or non-party in these actions.

(c)    The term "Discovery Material" means any document or thing, and includes, without limitation, any writings, video or audio tapes, computer-generated or recorded information in any form, materials, oral or written testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, responses to document requests, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information or any tangible thing, produced by a Party or non-party in these actions.

(d)    The term "In-house Counsel" means licensed attorneys who are employed by a Party to provide legal advice to the Party, and who do not have responsibility for making business decisions on non-legal matters such as sales, marketing, branding, pricing, product design, research and development, or corporate development.

(e)    The term "Outside Counsel" means litigation counsel of record for the Parties, including associated personnel necessary to assist outside counsel in these actions, such as legal assistants, paralegals, analysts, secretarial, stenographic, information technology and clerical employees actually assisting such counsel; outside vendors that scan, code and/or produce documents at such counsel's request; translation services; computer services; trial consultants, their employees, and independent contractors hired to assist them, other than those persons described in Paragraph 2(i)(4) below.

3

 (f) The terms "Parties" or "Party" mean the following plaintiffs and/or defendants in these actions: Phyto Tech Corp. d/b/a Blue California, Conagen Inc., and Givaudan SA.

 (g) The term "Person" means any natural person or any business, legal or governmental entity or association.

 (h) The term "Producing Party" means any Party, Person or non-party who produces any information, whether oral or in documentary or other tangible form.

 (i) The term "Qualified Person" means (1) Outside Counsel; (2) In-house Counsel; (3) current or former employees of any Party who are authors, addressees, or copyees of the relevant documents; (4) outside independent experts and consultants of the Parties who are assisting Outside Counsel in these actions and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization; and (5) the Court and Court personnel, including stenographic reporters.

 (j) The term "Receiving Party" means any Person to whom Confidential information is disclosed in these actions.

 (k) Any other term not defined herein shall carry its ordinary meaning.

3. **Designation of Confidential Information:**

 (a) Discovery Material, or any relevant portion of any letter, brief, motion, affidavit, discovery response, discovery request or other pleading, may be designated by any Producing Party as "Confidential," provided the material meets the definition of "Confidential Information" herein. Moreover, a Party may designate Discovery Material produced by non-parties that contain that Party's Confidential Information as "Confidential."

 (b) A Producing Party may designate as Confidential any of its Discovery Material that may be protected under Fed. R. Civ. P. 26(c) and for which a good faith claim of a need for protection from disclosure can be made under applicable law. The designations shall be made or supervised by an attorney. Any information supplied in documentary or other tangible form may be designated by the Producing Party, or other Person claiming that the information is Confidential Information, by placing or affixing on each page of such Document, or on the face of such thing, the legend "CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER". Information, documents, articles and things previously produced under protective orders in other cases that bear appropriate confidentiality markings from such other cases need not be stamped again; such material stamped with any confidentiality marking and produced in these litigations

4

will be treated as Confidential Information, in accordance with the terms of this Protective Order.

4. **Confidential Testimony**: Testimony obtained from a deposition or hearing may be designated Confidential, when appropriate, either on the record at the deposition or hearing or by letter within thirty (30) days after receipt of the final (i.e., not "draft" or "rough") transcript. Subject to any requirements of the Court, the reporter for any deposition or hearing shall affix a mark of "CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" to pages that contain testimony designated as such. All such transcripts shall be treated as Confidential until designated otherwise or until the time to so designate has expired as set forth in this provision, whichever is later.

5. **Publicly Available Material**: Discovery Material that has been produced to or prepared by or for, any government agency that is available to the public, either by the Freedom of Information Act or any other federal or state law, and Discovery Material which is otherwise available to the public from any source, should not be designated as "CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER." If a Party receives material designated "CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" that the Party believes falls under this Paragraph, the Party may challenge the designation and request relief from the Court, after conferring in good faith with Outside Counsel for the Producing Party. If the Party seeks relief from the Court, until the Court rules on the requested relief, the Discovery Material shall be treated as "Confidential Information." The Party or Person claiming that the material is "Confidential Information" bears the burden of establishing the confidentiality of the so-designated materials.

6. **Nondisclosure of Confidential Information**: Except with the prior written consent of the Party or Person originally designating Discovery Material as "CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER," or as provided in this Protective Order, no Confidential Information may be disclosed to any Party or Person, other than a Qualified Person as set forth in Paragraph 2(i) above.

7. **Disclosure of Confidential Information to Qualified Persons**: Any information designated as "Confidential Information" shall be maintained in confidence by any Receiving Party. Confidential Information may be disclosed only to Qualified Persons as set forth in Paragraph 2(i) above. Prior to any disclosure to Qualified Persons in categories (1), (2) and (4) of Paragraph 2(i) above, each such Qualified Person in category (4) shall read this Protective Order and sign the Undertaking attached hereto. The Party that has retained, or disclosed Confidential Information to, the Qualified Persons shall retain a copy of the executed Undertaking(s) until the final resolution of these actions.

8. **Use of Designated Materials**:

    (a) Subject to Paragraph 14 below, Confidential Information shall be used by the Receiving Party solely for the purposes of preparation for trial, pretrial proceedings, and trial of actions and proceedings in the above-captioned actions and not for any business, commercial, regulatory, competitive, personal or other purpose or any other action. Furthermore, subject to

5

Paragraph 14 below, Confidential Information disclosed in these litigations shall not be used in any other action. In addition, subject to Paragraph 14 below, Confidential Information shall not be used to prosecute any patent application.

(b) Confidential Information may be disclosed by a Receiving Party during a deposition, to the extent that its use is reasonably necessary, at the depositions of the following:

  (i) The present directors, officers, employees, agents or Rule 30(b)(6) designees of the Producing Party;

  (ii) An author, addressee, or other person indicated as a lawful recipient of a document containing the information;

  (iii) A person not within subparagraphs 8(b)(i)-(ii) above who is clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the Confidential Information);

  (iv) An independent advisor, consultant or expert otherwise qualified under this Protective Order to receive such information;

  (v) Any person for whom prior authorization is obtained from the Producing Party or the Court; or

  (vi) Individuals who have been identified through discovery (including document production, written discovery or deposition testimony) as having knowledge of the particular Confidential Information, even if the individual is not identified as an actual author or recipient on the face of the document at issue.

9. **Inadvertent Productions:**

  (a) In the event any document is produced that the Producing Party later claims is protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity, the Receiving Party shall, as soon as possible but not later than within five (5) business days of receipt of a written request by the Producing Party, return the original to the Producing Party (or at the option of the Receiving Party destroy the original with written verification provided to Outside Counsel for the Producing Party), destroy or delete all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or database tape or disk it maintains. Upon receiving notice of inadvertent production, the Receiving Party(ies) shall not make any use of such document or thing or disseminate the same in any way. The unintentional or inadvertent production of privileged, work-product-

protected or otherwise immune documents in the course of discovery in these actions shall not constitute a waiver of any privilege, work-product-protection or immunity, either as to the produced document or as to any other documents or communications embracing the same or similar subject matter provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent production promptly (and no later than ten (10) business days) after the Producing Party discovers such unintentional or inadvertent production. Return of a document for which the Producing Party has asserted a claim of privilege, work-product-protection or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work-product-protection or immunity is invalid, inapplicable or waived, provided, however, that any motion or other application for such order shall not rely upon in any manner or assert as a ground the fact or circumstances of the unintentional or inadvertent production, nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the materials is requested.

(b) Unintentional or inadvertent failure to designate any information as "Confidential" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent failure to designate promptly (and no later than ten (10) business days) after the Producing Party discovers such unintentional or inadvertent failure to designate. In the event of an unintentional or inadvertent failure to designate any information, arrangements shall be made for the return to the Producing Party, or the destruction or deletion of, all copies of the unintentionally or inadvertently undesignated information and for the substitution, where appropriate, of properly-labeled copies. The Parties shall undertake their best efforts to correct any disclosure of such information contrary to re-designation, including retrieving any documents from persons not qualified to receive them under the re-designation and informing such persons that they should not further use or disseminate the information thereon. No demonstration or proof of error, inadvertence, or excusable neglect by the Producing Party shall be required for such re-designation.

10. **Redactions**: Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information that is (i) neither relevant to the subject of these litigations nor reasonably calculated to lead to the discovery of admissible evidence, or (ii) subject to the attorney-client privilege or to the work-product immunity. Each such redaction, regardless of size, shall be clearly labeled. All documents redacted based on point (ii) shall be listed on a privilege log stating the basis for such redaction. This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

24602879.v1

11. **Filing**: All documents – including pleadings, motions and other papers – containing Confidential Information shall be filed with the Court under seal in accordance with the Court's Local Rules and CM/ECF procedures.

12. **Changes to Confidentiality Designations and Requests to Disclose Confidential Information to Non-Parties**: Nothing herein shall be taken as indicating that any document or information designated as Confidential Information is entitled to such treatment. If the Receiving Party desires to disclose Confidential Information to someone other than a Qualified Person as permitted in Paragraphs 6-7 above, or if the Receiving Party disagrees with the confidentiality designation by the Producing Party, then the Receiving Party shall so notify, in writing, Outside Counsel for the Person or Party asserting the confidentiality of the information. Outside Counsel for the Person or Party asserting the confidentiality of the information and the Receiving Party shall first try to resolve such dispute within five (5) business days after receipt of the Receiving Party's notice. If the dispute cannot be resolved, the Receiving Party, upon no fewer than three (3) business days written notice to the Person or Party asserting the confidentiality, may seek a ruling from the Court that the information is improperly designated or that such disclosure should take place because the interest of the Person or Party asserting the confidentiality in limiting the dissemination of the information is outweighed by the need for such disclosure. Unless otherwise ordered by the Court, the Person or Party asserting the confidentiality shall have five (5) business days to oppose the Receiving Party's request for relief, and the Receiving Party shall have two (2) business days to reply. Pending a determination by the Court, such information shall be treated as Confidential Information as designated by the Person or Party asserting the confidentiality claim.

13. **Preservation of the Right to Challenge Confidentiality Designation**: No party shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation. This Protective Order shall be without prejudice to the right of any Party or other subscriber to this Protective Order (a) to bring before the Court at any time the question of whether any particular document or information is Confidential Information or whether its use otherwise should be restricted or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c), for a separate protective order as to any such particular document or information, including restrictions differing from those specified herein.

14. **Subpoena by Other Courts or Agencies**: If Confidential Information in the possession, custody or control of any Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed, shall (a) on or before the third business day of receipt thereof, give written notice by hand, email or facsimile of such process or discovery request, together with a copy thereof, to Outside Counsel for the Producing Party; (b) withhold production or disclosure of such Confidential Information until the Producing Party consents in writing to production or the Receiving Party is required by a court order to produce such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure and, in any event, provided that the Receiving Party provides a copy of

8

such court order to Outside Counsel for the Producing Party prior to disclosure; and (c) otherwise cooperate to the extent necessary to permit the Producing Party to seek to quash or modify such process or discovery request.

15. **Expert Discovery**: In order to avoid consuming the Parties' and the Court's time and resources on potential discovery issues relating to experts, and without limiting the applicability of Fed. R. Civ. P. 26(a)(2) and (b)(4), the written or oral communications and notes of communications between any expert, and counsel for a Party, including any attachments, need not be disclosed by any Party or Person, and are outside the scope of permissible Discovery Materials under this Order and Fed. R. Civ. P. 26(a)(2) and (b)(4), unless the expert relies on such information as a basis for their opinion.

16. **Client Consultation**: Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information; *provided, however*, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as permitted herein.

17. **Modification Permitted**: Nothing in this Protective Order shall prevent any Party or other Person from seeking modification of this Protective Order, from objecting to discovery that it believes to be otherwise improper, from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court. The Court retains jurisdiction even after termination of these actions to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

18. **Responsibility of Attorneys**: The attorneys of record for each respective party are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information received by them.

19. **No Waiver**: Review of Confidential Information by Qualified Persons as permitted in Paragraphs 6-7 above in connection with these actions shall not waive the confidentiality of the information or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

20. **Purpose Is to Facilitate the Exchange of Information**: This Protective Order is entered solely for the purpose of facilitating the exchange of information between the Parties to these actions without involving the Court unnecessarily in this process. Nothing in this Protective Order, nor the production of any documents or disclosure of any information pursuant to this Protective Order, shall be deemed to have the effect of (a) an admission or waiver, including waiver under the Federal Rules of Evidence or applicable Local Rules, by any Party or other subscriber to this Protective Order; (b) altering the confidentiality of any such information; or (c) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

21. **Termination of the Litigation**: Within 90 days after the final conclusion of these litigations, including all appeals, all Confidential Information, and all copies of the same, shall be returned to the Producing Party or, at the option of the Receiving Party, destroyed. This includes all notes, memoranda or other documents that summarize, discuss or quote materials produced and designated as Confidential Information, except that, with respect to word processing and database tapes and disks, the Receiving Party shall destroy or erase such tapes or disks to the extent practicable. Outside Counsel for each Party shall be entitled to retain copies of all filings, their work product, any transcripts of depositions, hearings or trial testimony in these actions, written discovery or discovery responses, as well as documents that have been marked as exhibits to a deposition and documents included on trial exhibit lists and that contain or refer to information designated as Confidential Information provided that all such documents shall remain subject to this Protective Order. Outside Counsel of record shall make certification of compliance herewith and shall deliver the same to Outside Counsel for the party that produced the documents not more than 120 days after conclusion of these litigations, including all appeals.

22. **No Limitations on Party's Use of its Own Information**: Except as specifically noted herein, this Protective Order shall not limit a Producing Party's use of its own Confidential Information, nor shall this Protective Order limit the ability of a Party to disclose any document to its author or to anyone identified on the face of the document as a recipient

23. **Non-Party Confidential Information:** To the extent that responding to any discovery request or court order in this matter implicates the production of any confidential documents, things, and information of any Non-Party that are in the possession, custody, or control of the Producing Party which the Producing Party believes it does not have permission to produce in this matter ("NON-PARTY CONFIDENTIAL INFORMATION"), the Producing Party shall notify both the Requesting Party and the Non-Party promptly in writing within 21 days of receipt of the discovery request or court order. In its written notification, the Producing Party shall enclose a copy of the request or court order as well as this Protective Order and inform the Non-Party of the right to avail itself of the protections of this Protective Order and shall particularly point out the process outlined in this paragraph. If the Non-Party objects to the production of the NON-PARTY CONFIDENTIAL INFORMATION by the Producing Party, the Non-Party may seek a protective order from a court having jurisdiction over the discovery request or court order within 21 days of receipt of written notice from the Producing Party. If the Non-Party timely seeks a protective order, the Producing Party served with the discovery request or court order shall not produce any such NON-PARTY CONFIDENTIAL INFORMATION before a determination by that court on the Non-Party's motion for protective order, unless the Producing Party has obtained the Non-Party's permission. If the Non-Party does not seek a protective order within 21 days of receipt of written notice from the Producing Party, the Producing Party shall thereafter produce the NON-PARTY CONFIDENTIAL INFORMATION.

24. **Third Parties**: If a third party provides Discovery Materials to any Party, such third party may adopt the terms of this Protective Order with regard to the production of Confidential Information by executing a Notice of Election to Adopt Stipulated Order on Confidentiality Agreement and Protective Order ("Notice of Election") in the form attached hereto. In the event of such election, the provisions of this Protective Order shall apply to such Discovery Materials as if such Discovery Materials were being provided by a Party to these

litigations. Under such circumstances, the third party shall have the same rights and obligations under this Protective Order as held by the Parties to these litigations.

25.  The restrictions set forth in this Protective Order will not apply to Confidential Information that comes into the lawful possession of or becomes known to the Receiving Party or comes into the possession of or otherwise becomes known to the public after the date of its production to the Receiving Party, provided that, as shown in written records, such information does not become publicly known by any act or omissions of the Receiving Party which would be in violation of this Protective Order.

26.  **Survival**: This Protective Order shall survive and remain in full force and effect after termination of these actions. Neither the termination of this lawsuit nor the termination of employment of any person with access to any Confidential Information shall relieve such person from the obligation of maintaining the confidentiality of such information.

27.  **Other Proceedings:** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Dated: November 18, 2019

By: */s/ Katherine A. Helm*

Katherine A. Helm
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel. (212) 698-3500
khelm@dechert.com

Martin J. Black
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel. (215) 994-4000
martin.black@dechert.com

*Attorneys for Phyto Tech Corp. d/b/a/ Blue California and Conagen Inc.*

By: */s/ Ryan G. Pitman*

Christopher J. Belter
Matthew S. Trokenheim
Ryan G. Pitman
711 3rd Avenue, Suite 1900
New York, New York 10017-4013
Phone: 646.292.8700
Fax: 646.292.8701
cbelter@goldbergsegalla.com
mtrokenheim@goldbergsegalla.com
rpitman@goldbergsegalla.com

*Attorneys for Givaudan SA*

SO ORDERED, this 3 day of December, 2019

_____
Hon. [signature] U.S.D.J.

*This order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.*

So Ordered,
[signature] U.S.D.J.
12/3/19

24602879 v1

12

## UNDERTAKING AND ACKNOWLEDGEMENT OF
## <u>PROTECTIVE ORDER AND CONFIDENTIALITY STIPULATION</u>

I, _____, hereby attest as follows:

1. I understand that CONFIDENTIAL material may be disclosed to me under the terms of the Protective Order attached to this Undertaking and Acknowledgement. I have a copy of and have read the Order, and I agree to comply with and be bound by its terms. I also agree to be subject to the jurisdiction of this Court for the purpose of enforcing this Order and this agreement.

2. I agree that I will not disclose to anyone else the CONFIDENTIAL material disclosed to me, nor discuss or describe the substance or content of such material, except as provided in the Order, and that I will use such material only for the purposes of these litigations.

3. I agree that I will not keep any CONFIDENTIAL material or copies of any such material (including notes or other memoranda or writings containing or relating to such material) except to the extent permitted by the Order, and, upon request, will destroy or return such material to the attorneys who disclosed such material to me.

Dated:_____          _____
                                  Signature

24602879.v1

## NOTICE OF ELECTION TO ADOPT STIPULATED ORDER
## ON CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1. _____, a non-party to the above-captioned litigations, has been requested and/or subpoenaed by a party to produce discovery containing Confidential Information in connection with the above-captioned litigations.

2. _____ hereby elects to adopt the terms of the Stipulated Confidentiality Agreement and Protective Order (herein, the "Protective Order") with regard to its terms regarding production of Confidential Information.

3. The provisions of the Protective Order shall apply to all documents, things and other information produced by _____ as if such discovery were being provided by a party. _____ shall have the same rights and obligations under the Protective Order as held by the parties.

Dated:_____

_____
Name

_____
Company

24602879 v1