

Ryan G. Pitman | Partner
Direct 716.844.3454 | rpitman@goldbergsegalla.com

May 12, 2022

**BY ECF**

Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    **Re:** *Givaudan SA v. Conagen Inc.*, No. 18-cv-03588
       Re: Request for Leave as to Remote Witness Testimony

Dear Judge Koeltl:

  With the Court's leave, we write on behalf of Givaudan SA ("Givaudan") in response to the May 10, 2022 letter of Conagen Inc. ("Conagen"). Conagen's expression of surprise at Givaudan's designation of Roberto Garavagno as a trial witness is itself surprising given that (1) Givaudan disclosed Mr. Garavagno as a potential witness with respect to specified topics during early discovery in 2019; (2) documents produced in this matter make plain that Mr. Garavagno corresponded directly with Conagen's in-house counsel in direct connection with key disputed issues; (3) Givaudan submitted a declaration by Mr. Garavagno in support of its summary judgment motion; and (4) Givaudan listed Mr. Garavagno as a witness when the parties exchanged draft joint pre-trial orders in February 2022, before the trial was adjourned from March 2022 to June 2022. Conagen did not depose Mr. Garavagno or ask for leave to do so at any time prior to its May 10th letter. The fact that Givaudan did not designate Mr. Garavagno as a 30(b)(6) witness does not mean Conagen lacked opportunity to take his deposition. Conagen's request for a deposition of Mr. Garavagno at this point is unjustified given the ample notice it had that Givaudan was likely to rely on testimony from him in support of its case in chief.

  As to whether remote testimony is justified under Rule 43(a), that depends in large part on how the Court chooses to manage its calendar in respect of this trial and its broader docket. Trial is to begin June 6, 2022 at 11:00 a.m. Per the filed joint pre-trial orders, the parties disagree on the number of days trial is likely to require, with Conagen (and its affiliated litigant, Phyto Tech Corp. d/b/a Blue California) projecting three days and Givaudan projecting four days. This disagreement, combined with Mr. Garavango's conflicts and the proximity of the May 31, 2022 pre-trial conference to the beginning of trial, is why Givaudan submitted its initial letter to this Court. Conagen's statement that the Court can allow Mr. Garavagno to testify in-person on June 10, 2022 or on a non-contiguous trial date presumes information about the Court's calendar and preferences without basis.

  Finally, as to Conagen's statement that "[t]he need to travel to New York for trial was entirely foreseeable," Givaudan refers again to the fact that the parties originally agreed that remote

**Office Location:** 665 Main Street, Buffalo, NY 14203-1425 | 716-566-5400 | Fax: 716-566-5401 | **www.goldbergsegalla.com**

27005276.v1

May 12, 2022
Page 2

testimony should be an option and made a joint request to the Court to that effect. Given COVID-19's unpredictable course over the past two-plus years, the standard of foreseeability is not so absolute as Conagen would have it. In any event, Givaudan reiterates its request to the Court that Mr. Garavagno be allowed to testify remotely, recognizing that the reason for Givaudan's request (that is, Mr. Garavagno's circumstances during the week of June 6 and the unsettled schedule for trial) may alternatively be addressed by scheduling a trial day when Mr. Garavagno is able to be in-person.

Respectfully submitted,

/s Ryan G. Pitman

Ryan G. Pitman

27005276.v1